FILED

MAY 21 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL E. ANDERSON; GERALD BENJAMIN; BETTY BENJAMIN; MATTHEW BURDSALL; MIRANDA BURDSALL; JOHN F. DIETZ; MARGARET A. DIETZ; FRANKLIN GESSAMAN; KATHY E. GESSAMAN; GARY HUFFORD; YVONNE HUFFORD; DIANE M. HUMPHREY; ANDY J. JOHNSTON; JERI JOHNSTON; JERILEE KANTHACK; HAROLD E. KELSH; DIANA KUHL-HOWARD; DORIS KUHL; ERIN LANIGAN; MAT LANIGAN; TERRY LEE LAZURE; JACQUELINE F. LEE; PAMELA A. LEE; CAROL L. MANDERA; JASON MOHLER; JACKIE MOHLER; MARIE RINGLE; CONNIE SMIGAJ; ALLAN SMIGAJ; EDWARD C. WILLETT; JARED W. YATES; and ESTHER L. YATES;<br><br>             Plaintiffs,<br><br>   vs.<br><br>BNSF RAILWAY COMPANY; BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; BURLINGTON NORTHERN RAILROAD COMPANY; DAVID SMITH; and DOES 1-30-Inclusive,<br><br>             Defendants. | CV 08-14-H-DWM<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>ORDER |

## I.  Introduction

Plaintiffs brought suit against Defendants in Montana First Judicial District Court, located in Helena, Lewis and Clark County, Montana.  Plaintiffs' claims arise out of their ownership of property in Helena near a railyard operated by Defendants. Plaintiffs allege Defendants caused environmental contamination of their property.

Plaintiffs named BNSF Railway Company, a Delaware corporation, and its predecessors as defendants.  Plaintiffs also named David Smith, a Montana resident, as a defendant.  Defendant Smith is the Manager of Environmental Remediation for BNSF in Montana, Wyoming, Utah, and Colorado.  Defendant Smith is responsible for "management and oversight of independent consultants/contractors who conduct remediation work at various locations."  Decl. David Smith, at 3 (March 17, 2008).  He also "[responds] to emergency spill issues and assesses environmental aspects of land sale/purchases conducted by BNSF."  Id.

Defendants removed the case from state court to this Court, arguing Defendant Smith was fraudulently joined to defeat diversity.  Plaintiffs filed a motion for remand.  Because Defendant Smith was not fraudulently joined and thus there is no diversity of citizenship, the case will be remanded to state court.

## II.  Analysis

There is a strong presumption against removal, and the defendant bears the burden of establishing that removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The Ninth Circuit has compared the test for fraudulent joinder to a Federal Rule of Civil Procedure 12(b)(6) analysis stating: "[i]nasmuch as appellant's case against the individual defendants [is] sufficient to withstand a dismissal motion . . . , the joinder of claims against them [is] not fraudulent." Sessions v. Chrysler Corp., 517 F.2d 759, 761 (9th Cir. 1975).  Therefore, the establish fraudulent joinder a defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." McNamara-Blad v. Assn. of Prof. Flight Attendants, 275 F.3d 1165, 1169 (9th Cir. 2002).

A United States District Court has removal jurisdiction based on diversity.  28 U.S.C. § 1332(a)(1).  Diversity requires each of the plaintiffs to be citizens of different states than each of the defendants.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  An "exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Id.  Fraudulent joinder is present when "a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious

according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Defendants argue Defendant Smith was fraudulently joined to defeat diversity. Defendants' claim is without merit and has been previously rejected in a different division of this District. In Caven v. The Burlington Northern and Santa Fe Railway Company, et al., CV 04-41-GF-SEH (September 22, 2004), Judge Haddon recognized an employee may be liable under Montana law for torts committed within the scope of employment. Caven involved the same alleged fraudulently joined defendant as this case—David Smith. It also involved the same allegations as this case, only the conduct allegedly occurred at a BNSF railyard in Havre, Montana. The Court in Caven stated:

> The Court has concluded from the record that at least as to Defendant Smith, fraudulent joinder has not been established. Smith is alleged to be a Manager of Environmental Remediation for BNSF, and [that] he is and has been responsible for environmental remediation on and around BNSF's properties in the region which includes the Havre railyard. It is also alleged: (1) that all Defendants intentionally, negligently, [and] maliciously . . . made affirmative misrepresentations and/or failed to disclose material facts to Plaintiffs, and (2) that all Defendants knew of the hazards and failed to take reasonable steps to clean up the contamination or to warn the Plaintiffs. . . .
>
> Smith's joinder has not been shown to be fraudulent. Diversity is not complete. The case must be remanded.

Id. at 3-4 (quotations and citations omitted).

"[F]raudulent joinder claims may be resolved by 'piercing

-4-

the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." Morris, 236 F.3d at 1068. Defendants attempt to counter the allegations in Plaintiffs' Complaint with the declaration of Defendant Smith. The declaration provides:

> All actions I have taken with respect to my work at the Helena railyard were done in furtherance of my employment at BNSF. I have not engaged in any acts for my personal benefit as opposed to [sic] for the benefit of my employer. I also have not acted in a personally malicious manner in the conduct of my job duties.

Decl. Smith ¶ 9. Both Defendant Smith and his supervisor include statements in their declarations describing Defendant Smith's position as not including direct contact with landowners. Decl. Smith ¶ 6; Decl. Clark ¶ 4. Additionally, Defendant Smith indicates he has no involvement in the release of allegedly toxic or hazardous materials at the Helena railyard. Decl. Smith ¶ 8. Defendants assert these declarations provide sufficient evidence to dismiss Defendant Smith from this suit.

Plaintiffs rebut Defendants' evidence with the deposition testimony of Defendant Smith in a similar case. During the deposition, Defendant Smith described his job as requiring the investigation and remediation of properties that are owned by BNSF, were previously owned by BNSF, or may have been previously owned including any leased sites. App. A, Depo. D. Smith 7 (March 31, 2008). He is also "tasked with providing coverage for hazardous materials release response using contractors and

appropriate people." Id. This deposition testimony, as Plaintiffs explain, indicates Defendant Smith is part of management decisions at BNSF contaminated sites throughout the state. See App. A, Depo. D. Smith 14.

The evidence provided by the parties is contradictory. The Court has before it a factual dispute concerning the claims against Defendant Smith, and thus, Defendants have not met their burden of proving beyond doubt that Plaintiffs can prove no set of facts in support of their claims against Defendant Smith. Because Defendant Smith could be liable to Plaintiffs under Montana law, he was not fraudulently joined and this Court lacks subject matter jurisdiction.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion For Remand (dkt #3) is GRANTED.

The Clerk of Court is directed to remand this case to the Montana First Judicial District Court, Helena, Lewis and Clark County, Montana.

Dated this 21st day of May, 2008.

Donald W. Molloy, District Judge
United States District Court

-6-